J-A07045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS LAMONT BRYANT | : | |
| | : | |
| Appellant | : | No. 908 MDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003510-2010

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 23, 2020**

Travis Lamont Bryant appeals *pro se* from the denial of his second Post Conviction Relief Act ("PCRA") petition for lack of merit. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury convicted Bryant in April 2011 of five counts of robbery and one count of criminal conspiracy. The trial court sentenced him to 34 to 68 years' incarceration. He filed a direct appeal and we affirmed; the Pennsylvania Supreme Court denied allowance of appeal in July 2013. *Commonwealth v. Bryant*, 64 A.3d 23 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 599 (Table) (Pa. 2013).

Bryant then filed a first PCRA petition in November 2013. The PCRA court appointed counsel who filed a **_Turner/Finley_**[1] no-merit letter and a

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Petition to Withdraw as counsel. The court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing and permitted counsel to withdraw from representation. The PCRA court denied the first petition in December 2014, and we affirmed. *See Commonwealth v. Bryant*, 159 A.3d 1002 (Pa.Super. 2016).

Meanwhile, before the PCRA court entered the order denying the first petition, in October 2014, Bryant filed a second petition. He later moved to amend the second petition. The court appears to have held the second petition in abeyance until litigation of the first petition had ended. After proceedings in the first petition were through, the PCRA court dismissed the second petition as untimely. The court also denied the motion to amend. On appeal, however, we found the petition timely and reversed and remanded for proceedings on the merits. *Commonwealth v. Bryant*, No. 1257 MDA 2017 at *2 (Pa.Super. filed April 16, 2018) (unpublished memorandum).

On remand, the PCRA court issued a notice to dismiss the PCRA petition without a hearing. *See* Pa.R.Crim.P. 907. Bryant responded and the PCRA court denied the petition as meritless. This timely appeal followed. Bryant complied with the PCRA court's order to file a Concise Statement of Matters Complained of on Appeal and the court issued an opinion. *See* Pa.R.A.P. 1925(a), (b).

Bryant raises the following claims:

> I.   Did the lower court commit legal error when it failed to apply 42 Pa.C.S.A. § 9765 to [Bryant's] conspiracy

and robbery convictions, or in the alternative, do [Bryant's] conspiracy and robbery convictions merge for sentencing purposes?

II.    Was trial, appellate, and PCRA court counsel ineffective in that they did not have a reasonable basis to fail to raise the question whether [Bryant's] robbery convictions merged, and argue the conspiracy conviction merged with the robbery convictions?

III.    Was [Bryant] *per se* or constructively deprived of his constitutional right to effective assistance of counsel on direct appeal, and his rule-based right to effective assistance of counsel as a result of the lower court's appointment of attorneys with conflicted interests?

IV.    Did the trial court commit legal error when it did not appoint counsel to represent [Bryant] on appeal from the dismissal of his November 7, 2013 first PCRA petition, or in the alternative, did the trial court's failure to appoint counsel to represent [Bryant] on appeal from the dismissal of his first PCRA petition, or conduct a [**Commonwealth v.**] **Grazier**[,713 A.2d 81 (Pa. 1998),] hearing to determine whether [Bryant] wanted to pursue the appeal *pro se* have the effect of depriving [Bryant] of his rule-based right to effective assistance of counsel on his first petition, entitling [Bryant] to the appointment of appellate counsel on appeal from the dismissal of his October 15, 2013 second petition?

V.    In the interests of achieving substantial justice, should [Bryant's] second petition, which was filed in the PCRA -[c]ourt before dismissal of his first petition, be treated as a continuation or amendment to his first petition, entitling [Bryant] to the effective assistance of appellate counsel to represent him in this appeal?

VI.    Did the trial court commit legal error when it failed to provide the jury with adequate instructions relating to the jury's alternative to decide whether [Bryant] was guilty of the lesser-included offenses of assault, aggravated assault, reckless endangerment and/or terroristic threats set forth in 18 Pa.C.S.A. §§ 2701, 2702, 2705 and 2706, respectively – statutes that were incorporated into the robbery provisions of 18

Pa.C.S.A. § 3701(a)(1)(i)-(iv) – violate [Bryant's] constitutional rights to have every element of every conviction proved beyond a reasonable doubt and an impartial jury?

VII. Was trial counsel ineffective for failing to request jury instructions that would provide the jury with the alternative of convicting [Bryant] of the lesser-included offenses incorporated into the robbery provisions of 18 Pa.C.S.A. § 3701(a)(1)(i)-(iv)?

VIII. Whether 18 Pa.C.S.A. § 3701(a)(1)(ii) is ambiguous to the extent that it does not state whether each person threatened or placed in fear of serious bodily injury during the course of a robbery is an independent victim of robbery requiring it to be construed under the rule of lenity?

IX. Was the sentencing court deprived of the discretion to sentence [Bryant] under the Guidelines because at the time of [Bryant's] convictions and sentences, the mandatory sentencing provision of 42 Pa.C.S.A. § 9712 had not been held unconstitutional under *Alleyne*, requiring vacations of the sentencing orders?

X. Whether the Sentencing Guidelines Deadly Weapon Enhancement is unconstitutional, or whether the legislature is constitutionally authorized to grant authority to the Commission under its administrative powers to incorporate judicial fact finding to a judge rather than a jury rendering the regulation constitutional where, due to its administrative promulgation, rather than legislative enactment, rendering a regulation constitutional where the enabling statute has been declared unconstitutional? Stated differently, can the legislature achieve statutory constitutional validity of a policy decision pronounced unconstitutional by delegating to an administrative agency the authority to incorporate a judicial fact finding function into a regulation where them[sic] same judicial fact finding has been held unconstitutional so that the fact finding can survive constitutional muster? Stated concisely, can the legislature delegate a power to the Sentencing

- 4 -

> Commission to incorporate a judicial fact finding function into the Guidelines where the legislature does not have the power to adopt judicial fact finding provisions into a statute, is 42 Pa.C[.]S.A. § 9712?

Bryant's Br. at 5-7.[2]

Many of the issues Bryant asserts on appeal were not in his Pa.R.A.P. 1925(b) statement. Issues four through six, and numbers eight and ten above, did not appear in his Rule 1925(b) statement and are not fairly included in other issues in the statement. Bryant therefore waived them. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

We now address Bryant's remaining claims. "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Bryant challenges the legality of his sentence, claiming that "[t]he lower court's failure to consider whether [Bryant's] sentences merged was not merely an inadvertent mistake, but was [an] intentional, patent legal error." Bryant's Br. at 38. He claims that "[t]he undisputable facts of record disclose

---

[2] Bryant filed an "Omnibus Application" before this Court, and we grant it in part and deny it in part. We grant the request for an extension of time to file a Reply Brief and to exceed page limits, and the Reply Brief docketed in this Court on May 7, 2020 is deemed timely. We deny the application in all other respects. ***See*** Omnibus Application, filed 5/11/20.

that his robbery convictions and his conspiracy conviction occurred on a unitary date, at a unitary time, and at a unitary place." *Id.* at 39. He therefore claims that his conspiracy and robbery convictions should have merged for purposes of sentencing.

Convictions merge for sentencing purposes if, and only if, "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765; *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). If convictions merge, the court may sentence the defendant only on the higher-graded offense. *Id.*

However, merger does not apply to convictions arising from a single criminal episode giving rise to convictions for both conspiracy and the completed crime. *See Commonwealth v. Causey*, 833 A.2d 165, 177 (Pa.Super. 2003). Nor do convictions for multiple counts of the same crime merge, where the separate counts represent offenses against separate victims. *Commonwealth v. Glass*, 50 A.3d 720, 731 (Pa.Super. 2012).

As stated above, Bryant was convicted of one count of conspiracy and five counts of robbery. The conspiracy conviction does not merge into the robbery convictions, as the inchoate crime does not merge into the target offense. Nor do the five robbery convictions merge, as each was for a separate victim. This claim fails.

Next, Bryant claims "trial, appellate, and PCRA court counsel" were ineffective for failing to raise "the question [of] whether [Bryant's] robbery

convictions merged, and argue the conspiracy conviction merged with the robbery convictions[.]" Bryant's Br. at. 6. As stated above, the merger doctrine does not apply to this case. Thus, counsel were not ineffective for failing to raise a merger claim. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim").

Bryant also asserts that the PCRA court deprived him of his right to counsel by not appointing counsel for his prior appeal from the dismissal of his second PCRA petition. He claims he was entitled to counsel because his second petition was a mere continuation of the first. He maintains that this Court's ultimate disposition of reversing the finding that the second petition was untimely also rendered the denial of his motion to amend his second petition improper. He believes that because he was entitled to amend, that proves that the second petition was a continuation of the first.

The record supports the PCRA court's treatment of the second petition as an independent PCRA proceeding. The second petition was captioned on a standard form used by inmates to submit PCRA petitions, and Bryant captioned it as a PCRA petition and not as an amendment or "continuation" of the first petition. Bryant's further argument regarding the denial of the motion to amend is illogical. Even assuming he ought to have been allowed to amend the second petition, that in no way shows that the second petition was a continuation or constructive amendment of the first petition.

He further argues that he was deprived of his right to effective counsel because his counsel on direct appeal and for his first PCRA petition had conflicts of interest. He also maintains "that the appointment of conflicted counsel was *per se*, ineffective assistance of counsel." Bryant's Br. at 21.

"When a defendant fails to object at trial, he 'cannot prevail on a conflict of interest claim absent a showing of actual prejudice.'" ***Commonwealth v. Philistin***, 53 A.3d 1, 30 (Pa. 2012) (quoting ***Commonwealth v. Small***, 980 A.2d 549, 563 (Pa. 2009)). Actual prejudice exists where "counsel actively represented conflicting interests and the defendant 'shows counsel's conflict of interest actually affected the adequacy of [counsel's] representation[.]'" ***Id.*** at 31 (quoting ***Small***, 980 A.2d at 563). Additionally, "a mere allegation or appearance of impropriety is insufficient to establish an actual conflict of interest." ***Commonwealth v. Simms***, 799 A.2d 853, 857 (Pa.Super. 2002).

Here, Bryant alleges that trial and appellate counsel had conflicts of interest in their representation. He claims that trial counsel had a conflict because he was "an attorney employed in the Appellate Division of the Office of the Public Defendant for York County, Pennsylvania." Bryant's Br. at 20. In reference to his appellate counsel, who represented him on his first PCRA petition, Bryant claims she had a conflict because "-[a]t the time that [Bryant] was charged with the offenses for which he was subsequently convicted, [appellate counsel] was a prosecuting attorney for the Office of the District Attorney for York County, Pennsylvania [("DA's Office")]." ***Id.***

Bryant's argument fails for multiple reasons. First, Bryant does not allege that he raised an objection to the appointment of either counsel and the record does not provide any evidence that he objected to the appointments. *Philistin*, 53 A.3d at 30. Therefore, Bryant was required to show that an actual conflict existed, and he has failed to do so. *Id.* Bryant has not identified any actual conflict for either lawyer, and we do not perceive any. Trial counsel's employment at the public defender's office at the time he represented Bryant is not any form of conflict. Although PCRA counsel was employed at the District Attorney's Office at the time Bryant was charged, Bryant does not allege that counsel was involved in any way in charging or prosecuting him. To the extent that Bryant appears to claim that there was an imputed conflict of interest, this claim fails, as he must show an "actual" conflict. *Id.* This claim is meritless.

Next, Bryant alleges that trial counsel was ineffective for "failing to request jury instructions that would provide the jury with the alternative of convicting [Bryant] of the lesser-included offenses incorporated into the robbery" charge. Bryant's Br. at 6-7. He maintains that "[t]he record is evidence the jury was not provided with the alternative to convict or acquit [Bryant] of the aforementioned lesser-included robbery offenses, or any firearms offense." *Id.* at 8. The offenses he believes counsel should have sought such an instruction are Theft by Unlawful Taking, Simple Assault,

Recklessly Endangering Another Person, Terroristic Threats, Illegal Possession of a Firearm, or Person Not to Possess a Firearm.[3] *Id.*

Counsel is presumptively effective. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). Prejudice exists where the petitioner shows that there is "a reasonable probability that the outcome of the proceeding would have been different but for counsel's constitutionally deficient performance." *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014). If the petitioner fails to plead and prove any one of these elements, the court must reject the claim. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

Even assuming all of the offenses for which Bryant believes counsel should have sought an instruction are lesser-included offenses, Bryant has failed to plead prejudice. Bryant does not allege how he suffered prejudice from counsel's inaction, and he thus waived this claim on appeal by failing to present a developed argument. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the

---

[3] 18 Pa.C.S.A. §§ 3921, 2701(a), 2705, 2706, 6105(a)(1), and 6105(c)(2).

issue in any other meaningful fashion capable of review, that claim is waived"). Moreover, we do not perceive a reasonable probability that giving such an instruction would have resulted in a different outcome, in view of the substantial eyewitness testimony at trial. This claim fails.

Bryant's final claim is that the sentencing court did not have jurisdiction "to sentence [Bryant] under the [Sentencing] Guidelines because at the time of [Bryant's] convictions and sentences, the mandatory sentencing provision of 42 Pa.C.S.A. § 9712 had not been held unconstitutional under **Alleyne**, requiring vacations of the sentencing orders[.]" Bryant's Br. at 7. Bryant fails to develop this claim and he therefore has waived this issue. **See Johnson**, 985 A.2d at 924. We affirm the order denying Bryant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2020

- 11 -